Filed 5/5/16  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064947 |
| v. | (Super.Ct.No. CR63147) |
| DONALD NED WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Donald Walker is serving 36 years to life.  He appeals after the trial court *granted* his petition for rehearing under Penal Code section 1170.18.[1]  The court

---

[1] Section references are to the Penal Code unless otherwise indicated.

reclassified a 1996 grand theft conviction from a felony to a misdemeanor and reduced one of his 25-years-to-life sentences to a concurrent term of 364 days in jail. We affirm the trial court's order and reject the challenges in defendant's supplemental petition because they are not properly raised in this appeal.

## STATEMENT OF PROCEDURE

On May 20, 1995, defendant refused to pay a $103 cab fare, pulled a knife on the cab driver and demanded money. The two wrestled until police arrived. The cab driver was treated for knife wounds to his hands.

On May 10, 1995, defendant and an accomplice stole a case of cigarettes valued at $462.90 from a Costco store. This is the basis of the grand theft conviction.

On March 18, 1996, a jury convicted defendant of attempted robbery (§§ 664/211), assault with a deadly weapon (§ 245, subd. (a)(1)), and grand theft (§ 487, subd. (a)). The jury also found true that defendant personally used a deadly weapon during the attempted robbery (§ 12022, subd. (b)). The court found true that defendant had two prior strike convictions (§§ 667, subds. (c) & (d), 1170.12, subd.(c)) and two prior serious felony convictions (§ 667, subd. (a)).

On May 15, 1996, the trial court sentenced defendant to a determinate term of 11 years, to be followed by an indeterminate term of 50 years to life, as follows: 25 years to life for the attempted robbery as a third strike, plus one year consecutive for the personal use enhancement, plus a stayed term of two years for the assault, plus 25 years to life for the grand theft, to be served consecutively, plus two five-year consecutive terms for the prior serious felonies.

2

In November 2014, California voters approved Proposition 47 (effective November 5, 2014). (§ 1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

On January 8, 2015, defendant filed a petition for resentencing under section 1170.18, asking to have the grand theft conviction reduced to a misdemeanor because it involved an amount less than $950. The court granted the petition on October 30, 2015, and resentenced defendant to a determinate term of 11 years, to be followed by an indeterminate term of 25 years to life.

Despite having been granted the request in his petition, defendant appeals.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. However, in his supplemental brief, defendant challenges the terms of the plea agreement in a 1993 case and the use of that conviction to enhance his sentence in the 1996 case under the Three Strikes law. The time for challenging defendant's conviction and sentence in the 1996 case has long since passed. (Cal. Rules of Court, rule 8.104)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

4